Lubell *v.* First National Stores, Inc.

JEFFREY LUBELL *vs.* FIRST NATIONAL STORES, INC.

Suffolk.    February 7, 1961. — March 3, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Civil,* Action transferred to District Court; Appellate Division: appeal.    *District Court,* Action transferred from Superior Court.    *Evidence,* Prima facie evidence.

A decision of a judge of a District Court in an action transferred to it for trial by the Superior Court pursuant to G. L. c. 231, § 102C, inserted by St. 1958, c. 369, § 3, made by that statute "prima facie evidence" upon retransfer of the action for trial in the Superior Court at the instance of a party aggrieved by the decision, would warrant a finding for the party for whom the District Court judge had found, irrespective of other evidence introduced at the Superior Court trial.    [164]

G. L. c. 231, § 102C, inserted by St. 1958, c. 369, § 3, authorizing the Superior Court to transfer certain actions to District Courts "for trial" and providing that an action so transferred "shall be tried" in the District Court, prescribes a trial with all the normal incidents of procedure in the District Court, including compliance with the rules of evidence, action upon requests for rulings of law, and, if sought, a report to the Appellate Division of questions of law arising at the trial.    [165]

An action tried in a District Court upon its transfer by the Superior Court pursuant to G. L. c. 231, § 102C, inserted by St. 1958, c. 369, § 3, would not be ready for retransfer to the Superior Court for trial until final disposition of the action in the District Court, including review by the Appellate Division of questions of law if a report has been sought.    [165]

An appeal to this court does not lie under G. L. c. 231, § 109, from the final decision of the Appellate Division on a report of questions of law arising at the trial of an action in a District Court upon its transfer by the Superior Court pursuant to G. L. c. 231, § 102C, inserted by St. 1958, c. 369, § 3.    [165]

An action tried in a District Court upon its transfer thereto by the Superior Court pursuant to G. L. c. 231, § 102C, inserted by St. 1958, c. 369, § 3, can be brought to this court only after final disposition thereof in the District Court, including review by the Appellate Division of questions of law if a report has been sought, and after trial in the Superior Court upon its retransfer thereto.    [165–166]

Where, in an action tried in a District Court upon its transfer by the Superior Court pursuant to G. L. c. 231, § 102C, inserted by St. 1958, c. 369, § 3, the Appellate Division dismissed a report by the trial judge on the ground that the action could not be "appealed" to the Appellate Division, an appeal to this court lay from the dismissal of the report.    [166]

CONTRACT OR TORT. Writ in the District Court of Chelsea dated November 10, 1958.

Upon removal to the Superior Court and subsequent transfer to the District Court, the action was heard by *Gadsby*, J.

*John H. Goewey*, (*Paul V. Power* with him,) for the defendant.

*Sebastian N. Tangusso*, for the plaintiff.

WILKINS, C.J. The declaration is in two counts for the same cause of action. The first count is for breach of warranty in the sale of a jar of "strained baby food" purchased from the defendant on January 13, 1958. The second count alleges that on that date the defendant was negligent and the plaintiff was damaged. The writ in contract or tort was brought in the District Court of Chelsea. The defendant removed the case to the Superior Court. On May 14, 1959, the case was transferred to the District Court "for trial" under G. L. c. 231, § 102C, inserted by St. 1958, c. 369, § 3.

On February 23, 1960, the action was tried. The defendant submitted three requests for rulings,[1] upon which the judge refused to pass, and found for the plaintiff in the sum of $250.

The judge voluntarily reported the following questions to the Appellate Division: "1. In a remand action, so called, may the trial judge in the District Court refuse to pass upon the defendant's requests for rulings where such requests present only questions of law? 2. In a remand action, so called, may the trial judge in the District Court deny a claim of report based upon the court's refusal to pass upon the defendant's requests for rulings of law?"

The Appellate Division dismissed the report stating: "We are of opinion that these 'remanded cases' cannot be

---

[1] "1. The evidence does not warrant a finding that the defendant made any warranty, express or implied, to the plaintiff concerning the jar of baby food in question. 2. The evidence does not warrant a finding that the defendant was negligent in manufacturing, packing or handling the jar of baby food concerned in this action. 3. The evidence does not warrant a finding that notice was given under G. L. (Ter. Ed.) c. 106."

appealed to the Appellate Divisions of District Courts, and that the only remedy of an aggrieved party is to request a retransfer to the Superior Court, where this and any other questions of law will be determined.'' The defendant appealed to this court in the usual way, purportedly under G. L. (Ter. Ed.) c. 231, § 109, which provides in part, ''An appeal to the supreme judicial court shall lie from the final decision of the appellate division of any district court.''

The material parts of G. L. c. 231, § 102C, inserted by St. 1958, c. 369, § 3,[1] are the following: ''The superior court may of its own motion or on the motion of a plaintiff or defendant, after determination by said court that . . . there is no reasonable likelihood that recovery will exceed one thousand dollars, *transfer for trial* any action of tort or contract pending in said court to the court from which such action was previously removed . . . . Such action *shall be tried* by a full time justice of the district court . . . . The justice shall file a written decision or finding with the clerk . . . . Any party . . . aggrieved by the finding or decision may as of right have the case retransferred for determination by the superior court. . . . The action shall thereafter be tried in the superior court. *The decision of, and the amount of the damages assessed, if any, by a district court shall be prima facie evidence upon such matters as are put in issue by the pleadings, and no other findings of such court shall at any time be admissible as evidence or become part of the pleadings''* (italics supplied).

This statute was enacted upon the recommendation of the Judicial Council to assist in solving the problem of congestion in Superior Court dockets. Thirty-Third Report of the Judicial Council (1957), Pub. Doc. 144, pp. 10–13. Certain objectives are clear. (1) The case is to be *tried* in the District Court. (2) The ultimate result is to be a ''decision or finding'' for or against the plaintiff. (3) The ''decision,'' in the event of retransfer, is to be prima facie evidence in the Superior Court. (4) No other ''findings''

---

[1] Amended by St. 1960, c. 303, *infra.*

of the District Court judge shall be admissible as evidence in the Superior Court.[1] This fourth point distinguishes § 102C from G. L. (Ter. Ed.) c. 221, § 56, relating to reports of auditors, where the phrase, "prima facie evidence," also appears.

"[P]rima facie evidence is 'evidence,' remains evidence throughout the trial, and is entitled to be weighed like any other evidence upon any question of fact to which it is relevant." *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566. *Fuller* v. *Home Indem. Co.* 318 Mass. 37, 41. *Pochi* v. *Brett,* 319 Mass. 197, 204. *M. DeMatteo Constr. Co.* v. *Commonwealth,* 338 Mass. 568, 572. This rule means that no matter what other evidence might be introduced in the Superior Court, the decision of the District Court judge, which, so far as admissible at least, would consist of a very few words, such as "I find for the plaintiff and assess damages in the sum of $250," would be evidence warranting a finding for the plaintiff. His decision might be based upon an alleged error of law, such as the admission or exclusion of evidence, or, as in the present case, the denial of requests by failure to consider them. See *Margolis* v. *Margolis,* 338 Mass. 416, 417, and cases cited; *Medford Red Cab, Inc.* v. *Duncan,* 341 Mass. 708, 709. In those circumstances, the defendant would be left to try the case on retransfer in the Superior Court shackled with a decision which is prima facie evidence and with a dubious record from which to base arguments upon questions of law raised in the District Court; its right to a jury trial would be affected; and there would be reasonable fear that there might be a denial both of due process and of the equal protection of the laws because of discrimination in according the right of review.

We must, if possible, construe § 102C in a manner which will be free from reasonable constitutional doubts. *Kennedy* v. *Commissioner of Corps. & Taxn.* 256 Mass. 426, 430. *Ferguson* v. *Commissioner of Corps. & Taxn.* 316 Mass. 318, 322–324. *New England Tel. & Tel. Co.* v. *Na-*

---

[1] We do not speculate as to the meaning of the provision that "no other findings . . . shall . . . become part of the pleadings."

*tional Merchandising Corp.* 335 Mass. 658, 664. *Worcester County Natl. Bank.* v. *Commissioner of Banks,* 340 Mass. 695, 701. So guided, we conclude that the provisions of § 102C that a case should be transferred "for trial," and "shall be tried," prescribe a trial with all the normal incidents of procedure in the District Court. Such a trial embraces compliance with the rules of evidence and action upon requests for rulings. The Legislature by an amendment to this section, made subsequent to the trial, shows that this was its intent. Statute 1960, c. 303, among other things, provides, "The parties shall have the benefits of and be subject to procedural rules of such district courts relative to interrogatories, specifications, amendments and all other procedural matters regulating cases pending in such district courts."

A further consequence is that there must be a report of questions of law to the Appellate Division. Review of such questions by some tribunal is implicit in the statute. The only other possibility would be, as suggested by the Appellate Division, action by the Superior Court on retransfer. But no clear provision appears in § 102C for the consideration there of such questions. There would be confusion as to the form of the record and as to the effect of the clause, "no other findings of such [district] court shall at any time be admissible as evidence or become part of the pleadings." On the other hand, procedure by report to the Appellate Division is well established and understood. This must have been what the Legislature intended. After final disposition in the District Court, including review of all questions of law by the Appellate Division if a report or reports be sought, the case would be ready for retransfer by the District Court to the Superior Court. The "decision" of the District Court judge could then have its effect as prima facie evidence and would be free from reasonable constitutional doubts. Procedure in the District Court under G. L. c. 231, § 102C, differs from the ordinary procedure solely in that a case under · § 102C is not subject to appeal under c. 231, § 109, and can be brought to this court only (1) after

final·disposition by the Appellate Division, if such disposition be sought, and (2) after trial in the Superior Court upon retransfer.

The case is properly here on appeal from the dismissal of the report. The two questions reported by the District Court judge should have been answered in the negative. Substantive questions raised by the requests are not now open. *Redfield* v. *Abbott Shoe Co.* 335 Mass. 208. *Bean* v. *399 Boylston St. Inc.* 335 Mass. 595.

The order dismissing the report is reversed. The two questions are answered, "No." The finding for the plaintiff is vacated. The case is remanded to the District Court of Chelsea for further proceedings in conformity with this opinion.

*So ordered.*