JOHN J. McGLOIN *vs.* JOHN A. NILSON & another.

Middlesex.    March 3, 1965. — April 1, 1965.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Practice, Civil,* Action transferred to District Court.

The period of ten days after notice of the "decision or finding" of a judge of a District Court in an action transferred to it for trial pursuant to G. L. c. 231, § 102C, within which a party must file a request with the clerk for a retransfer of the action to the Superior Court starts from the day the decision or finding really becomes effective, and where it appeared that a party to such an action seasonably filed a draft report after the finding of the District Court judge, that the report was dismissed more than ten days after notice of such finding, and that the party filed a request for retransfer to the Superior Court within ten days after dismissal of the draft report, the request for retransfer was timely.

CONTRACT.    Writ in the District Court of Central Middlesex dated May 7, 1963.

Upon removal to the Superior Court and subsequent transfer to the District Court and retransfer to the Superior Court, a motion to dismiss the request for retransfer was heard by *Tomasello, J.*

*John W. Lynch* for the defendants.
*Charles E. Orcutt, Jr.,* for the plaintiff.

WILKINS, C.J.    This action of contract for rent was remanded by the Superior Court, Middlesex County, to the

District Court of Central Middlesex in December, 1963.
G. L. c. 231, § 102C (as amended through St. 1962, c. 305).
A trial in the District Court resulted on March 2, 1964, in a
finding for the plaintiff in the amount of $1,229.81, with
interest from May 7, 1963, the date of the writ. On March
9, 1964, within five days after receipt of the judge's find-
ings and rulings, the defendants filed a draft report. On
March 30, 1964, the report was dismissed for procedural
error.[1]   On March 31, 1964, the defendants filed a request
for retransfer, and on April 1, the papers were mailed to
the Superior Court. On April 10, 1964, the plaintiff filed
in the Superior Court a motion to dismiss the request for
retransfer, and assigned as ground that ten days had
elapsed since the notice of the finding of the District Court
judge; and that the defendants had failed to comply with a
requirement of G. L. c. 231, § 102C, which reads, ''The re-
quest for retransfer shall be filed with the clerk of said
district court within ten days after notice of the decision or
finding.'' On April 21, 1964, the motion was allowed. The
defendants excepted.

We quote at length from § 102C: ''. . . The parties shall
have the benefits of and be subject to procedural rules of
such district courts relative to interrogatories, specifica-
tions, amendments and all other procedural matters regu-
lating cases pending in such district courts. The justice
shall file a written decision or finding with the clerk who
shall forthwith notify the parties or counsel of record.
Any party to the action aggrieved by the finding or deci-
sion may as of right have the case retransferred for deter-
mination by the superior court. The request for retrans-
fer shall be filed with the clerk of said district court within
ten days after notice of the decision or finding. . . . Upon
the filing with the clerk of a request for retransfer, the de-
cision or finding shall be forthwith transmitted, with any

---

[1] The District Court docket shows that the draft report was dismissed be-
cause a copy was not mailed to the judge ''before the close of the next busi-
ness day after such filing,'' as required by Rule 28, third paragraph, of the
Rules of the District Courts (1952).

McGloin *v.* Nilson.

original papers received from the superior court and any original papers filed in the district court after transfer of the case by the superior court, to the clerk of the superior court of the county from which the case was referred. . . .''

. The decision of the District Court judge was filed on March 2, 1964. The defendants had ten days from the decision in which to file their request for retransfer. Their request was not filed till March 31. Consequently if the ten days began to run on March 2, the request was not timely, and the motion to dismiss was properly allowed. But on March 12 the proceedings in the District Court had not terminated, because on March 9 the defendants had filed a draft report. These proceedings remained alive until March 30 when the draft report was dismissed for a procedural error. This had the result of giving for the first time full force and effect to the finding of March 2.

The question for decision is whether the ten day period for requesting retransfer began to run from the day the decision was first made although subject to consideration in the Appellate Division, or whether the ten days should not start to be counted until the day when the decision really became effective and free of possible reversal on report.

This situation was not contemplated by the framers of the legislation. As was indicated in *Lubell* v. *First Natl. Stores, Inc.* 342 Mass. 161, 163, the main legislative purpose is clear. It is to assist in solving the problem of congestion in Superior Court dockets. When the defendants filed their draft report, the case was not ready for retransfer to the Superior Court. ''After final disposition in the District Court, including review of all questions of law by the Appellate Division if a report or reports be sought, the case would be ready for retransfer by the District Court to the Superior Court.'' *Lubell* v. *First Natl. Stores, Inc., supra,* 165. As long as the case was pending in the appellate process, the original papers could not, consistently with that process, be transmitted to the Superior Court. Before entry of the final result in the District Court after the proceedings on report are completed there would be no

practical value in filing a request for retransfer. Moreover, it would be inconsistent with allowance of the benefits of the procedural rules required by § 102C and as outlined in the *Lubell* case (page 165). Since the original papers must be "forthwith transmitted" upon the filing of the request for retransfer, the provision for filing that request within ten days after the notice of the decision or finding must be understood to mean within ten days of the notice of the decision or finding following the final disposition of the case by the Appellate Division. Otherwise the District Court would be deprived of the original papers before the completion of its statutory duties. Such a conclusion would not aid in solving any problem of congestion. Until the draft report was dismissed its pendency was as effective in preventing the case from being ready for retransfer as in any case where a party is successful in obtaining a ruling from the Appellate Division.

The plaintiff's brief suggests that the defendants are trying to use their failure to perfect appellate review to take advantage of the retransfer procedure. The logic of this argument is not apparent. It seems most unlikely that a party would take the trouble to prepare and file a draft report so that he might obtain a short delay and then abandon the draft report by failing to send a copy to the judge.

It was error to allow the motion to dismiss the request for retransfer.

*Exceptions sustained.*