*Western District*
S.C. No. 160444
D.C. No. 67 T 73

### ANTHONY VICALVI, LORENZO VICALVI and PETER HORAN

v.

### JOHN GEORGE, adm. of the ESTATE OF GIUSEPPE VICALVI

Argued: Oct. 17, 1967    Decided: Nov. 10, 1967

*Present:*  Garvey, P.J., Moore, J. and Sloan, J.

Tried to: *DiCicco, J.* in the Central District Court of Worcester. S.C. #160444. D.C. #67 T 73.

*Garvey, P.J.* This action of contract was transferred by order of the Superior Court to the District Court under the provisions of G.L. c. 231, § 102C. After a trial, a finding was entered for the defendant on May 1, 1967. On May 4th the plaintiffs filed a motion for a new trial which was denied on June 14th. On June 15th, 46 days after notice of the finding, the plaintiffs filed a "request for re-transfer" to the Superior Court. On June 16th the defendant filed a motion to strike the plaintiffs' request for re-transfer because of late filing. The defendant claims to be aggrieved by the denial of this motion.

There was no error.

The applicable provision of G.L. c. 231, § 102C provides that

> "Any party to an action aggrieved by the finding or decision may as of right have the case re-transferred for determination by the Superior Court. The request for re-transfer shall be filed with the clerk of the said District Court within *ten* days after notice of the decision or finding".

In *McGloin* v. *Nilson,* 348 Mass. 716, the court held that a request for re-transfer to the Superior Court filed within ten days after the dismissal of a draft report but more than ten days after receipt of notice of finding was timely. At page 718 it said:

"This situation was not contemplated by the framers of the legislation. As was indicated in *Lubell* v. *First Natl. Stores, Inc.,* 342 Mass. 161, 163, the main legislative purpose is clear. It is to assist in solving the problem of congestion in Superior Court dockets. When the defendants filed their draft report, the case was not ready for retransfer to the Superior Court. 'After final disposition in the District Court, including review of all questions of law by the Appellate Division if a report or reports be sought, the case would be ready for retransfer by the District Court to the Superior Court.' *Lubell* v. *First Natl. Stores, Inc, supra,* 165. As long as the case was pending in the appellate process, the original papers could not, consistently with that process, be transmitted to the Superior Court. Before entry of the *final result* in the District Court after the proceedings on report are completed there would be no practical value in filing a request for retransfer. Moreover, it would be inconsistent with allowance of the benefits of the procedural rules required by 102C and as outlined in the Lubell case (page 165). Since the original papers must be 'forthwith transmitted' upon the filing of the request for retransfer, the provision for filing that request must be understood to mean within ten days of the

notice of the decision or finding following the final disposition of the case by the Appellate Division. Otherwise the District Court would be deprived of the original papers before the completion of its statutory duties. Such a conclusion would not aid in solving any problem of congestion. Until the draft report was dismissed its pendency was as effective in preventing the case from being ready for retransfer as in any case where a party is successful in obtaining a ruling from the Appellate Division.'' (Emphasis supplied)

The filing of the motion for a new trial had the same procedural effect as the filing of a draft report. ''The case was not ready for retransfer to the Superior Court.'' *McGloin* v. *Nilson*, 348 Mass. 716, 719. Until the motion was acted on it stayed the final result. The final result was reached when the motion for new trial was denied. It was after receipt of notice of this ruling the ten day period within which either party, as a matter of right, could request retransfer to the Superior Court commenced to run. The plaintiffs filed their request within that time.

**The report is to be dismissed.**

Harry Zarrow
   of Worcester for the defendant.
John W. Hanlon
   of Worcester for the plaintiff.