*Municipal Court of the*
*City of Boston*
No. 251443

# MICHAEL ORASZ

### v.

# COLONIAL TAVERN, INC.

Argued: Feb. 23, 1973 - Decided: Apr. 24, 1973

*Present:*  Canavan, J. (Presiding), Elam, Doerfer, JJ.

Case tried to *Gorrasi, Sp. J.*

**Doerfer, J.** This is an action of tort for assault and battery in which the original ad damnum was $2,000. After a trial in October, 1971, the plaintiff's motion to increase the ad damnum to $10,000 was allowed and the court found for the plaintiff in the amount of $3,660.00.

During the course of the trial defendant made several requests for rulings, some of which were denied. Questions of law were reported to the Appellate Division, which dismissed the report on December 9, 1971.

The defendant appealed the dismissal of the report to the Supreme Judicial Court under G.L. c. 231, § 109, and did not, within 10 days of the dismissal of the report by the Appellate Division, file any entry fee, or bond, or claim of trial by the Superior Court.

The Supreme Judicial Court affirmed the Appellate Division's order on November 6, 1972, and the defendant received notice on November 8, 1972, from the clerk of this court, of the entry herein of the Supreme Judicial Court rescript.

On November 13, 1972, the defendant filed its Removal, Jury Claim, Removal Bond and

five dollar entry fee with the clerk of this court. The clerk acknowledged receipt of these documents but refused to remove the case to the Superior Court. Defendant moved for an order to compel the clerk to remove this case to the Superior Court, which motion was denied by Gorrasi, J., on November 13, 1972.

At the same time, plaintiff moved for allowance of the cost of its brief to the Supreme Judicial Court, which motion was allowed. The matter is here on the report of Gorrasi, J. as to his ruling on both motions.

The question presented by the Report is whether, by appealing to the Supreme Judicial Court from a final decision of the Appellate Division, under G.L. c. 231, § 109, rather than filing a claim of trial by the Superior Court until after the decision by the Supreme Judicial Court, a party loses his right to a trial in the Superior Court under G.L. c. 231, § 104 and § 102C.

The parties have correctly stipulated at oral argument that the amendment of the ad damnum from $2,000 to $10,000 after trial is not material to the outcome of this appeal. The right to remove a case to the Superior Court *before* trial under G.L. c. 231, § 104 depends solely on the *ad damnum* at the time the action is entered. *O'Connell* v. *Burke,* 36 Mass. App. Dec. 169 (N. Dist. 1967). *Niro* v. *Consigly,* 41 Mass. App. Dec. 143 (W. Dist. 1969).

General Laws, c. 231, § 104, as amended by St. 1965, c. 377 states in material part,

> "If the ad damnum in the writ does not exceed two thousand dollars, the case shall be tried in the district court and the defendant shall, if he desires trial by the superior court, file said entry fee and bond within ten days after notice of the decision or finding. Such filing shall have the same effect as a request for retransfer under section one-hundred-and-two-C, and the decision shall be transmitted to and the case tried in the superior court subject to the provisions of one-hundred-and-two-C applicable to retransferred cases."

Although nothing was filed under this section, pending the outcome of the first report to the Appellate Division, it is settled that no rights of trial by the Superior Court were thereby extinguished, at least until ten days had elapsed from the date of the decision of the Appellate Division. *Lubell* v. *First National Stores, Inc.*, 342 Mass. 161. *McGloin* v. *Hilson*, 348 Mass. 716.

Furthermore, it is clear from the above quoted language of G.L. c. 231, § 104 that cases in which the *ad damnum* does not exceed $2,000 are, in all respects, relating to the right of trial in Superior Court, to be treated as if they had been transferred under G.L. c. 231, § 102C by the Superior Court to the District Court for trial. Thus, the defendant in this

case gets all the benefits and burdens of G.L. c. 231, § 102C, even though the case was never in the Superior Court.[1] See *Salter* v. *Scott*, Mass. A. S. (1973)—(S-15, 151, decided March 29, 1973). —— Mass. ——.

The Supreme Judicial Court has set forth the proper appellate procedure ordinarily to be followed in cases subject to G.L. c. 231, § 102C.

Any party aggrieved by any ruling on a matter of law may have the ruling reported for determination by the Appellate Division, under G.L. c. 231, § 108. By this procedure, all alleged errors in the trial are reduced to writing, as well as are all essential facts necessary to determine the correctness of the trial judge's rulings. After a final decision of the Appellate Division, any party entitled thereto may claim his trial in the Superior Court. If errors are still asserted in the District Court proceeding, the dissatisfied party should object to the introduction of the District Court finding. The Superior Court must then consider the action of the Appellate Divi-

---

[1] There is no absolute right to an initial trial in the Superior Court, even though the ad damnum far exceeds $2,000. The Superior Court has the right, under G.L. c. 231, § 102C, to transfer for trial in a District Court, any case in which it determines that if the plaintiff prevails, there is no reasonable likelihood that recovery will exceed $2,000. The 1965 amendment to § 104 merely formalizes what the Superior Court would automatically do in any case removed thereto in which the *ad damnum* was less than $2,000 — transfer it back to the District Court for trial. St. 1965, c. 377.

sion and rule on the correctness of its decision, based upon the report and facts contained therein. If the District Court finding is admitted, the aggrieved party may take an exception, which may be the basis of an appeal to the Supreme Judicial Court, just as may be any other exception. *Lubell* v. *First National Stores, Inc.*, 342 Mass. 161, 165-166. *Newgent* v. *Colonial Contractors and Builders, Inc.*, 348 Mass. 582, 584. *McGloin* v. *Nilson*, 348 Mass. 716, 719. *Heil* v. *McCann*, Mass. A. S. (1971) 1675, 1678.

For a case in which this procedure was followed see *Henry* v. *Mansfield Beauty Academy*, 353 Mass. 507 (1968).

The above cited cases seem to say that a report to the Appellate Division and the subsequent action by the Appellate Division thereon adequately protect any aggrieved party from any burden of a finding in the District Court based upon alleged errors of law. It would not seem necessary for the Supreme Judicial Court to review the action of the Appellate Division before the finding in the District Court may be offered in evidence in the Superior Court trial. The Superior Court judge is competent to make that review, and any error on his part may be appealed in the usual way.

But in spite of the language and holdings of the above cited cases, the Supreme Judicial Court (and, in a recent case, the Appeals Court) have provided for an alternative ap-

peal to the Supreme Judicial Court (or, now, the Appeals Court): In *Lubell*, and *Heil*, themselves the Supreme Judicial Court actually entertained appeals from the Appellate Division of a District Court in cases subject to G.L. c. 231, § 102C, while in the same breath stating that the appeals were premature. Thus, by looking at what the Supreme Judicial Court has actually done, rather than at what it has said, there does appear to be a right to appeal a "section 102C" case from the Appellate Division to the Supreme Judicial Court, even though the "ordinary" rule is otherwise. We do not profess to understand when the "ordinary" rule must be followed and when a direct appeal to the Supreme Judicial Court will lie. If an appeal to the Supreme Judicial Court is not a matter of right, under *Lubell* and *Heil*, then it is a matter of pure discretion with the Supreme Judicial Court.

Furthermore, relying on a footnote in *Heil*, the Appeals Court has now said that if the Supreme Judicial Court hears and decides an appeal from the Appellate Division, a request may be filed for retransfer under G.L. c. 102C within 10 days of the Supreme Judicial Court decision. *Hall* v. *Opacki*, Mass. Appeals Ct. (#M-72-28-L) (January 17, 1973).

Although the precise holding in *Heil* only saved the right to a trial in the Superior Court where an appeal was dismissed (by the District Court) from the Supreme Judicial Court

before it was heard, we nevertheless feel constrained to follow the dictum and rationale of *Heil* and reverse the action of the trial judge on this point. The defendant has not briefed or argued the question of the allowance of the costs of the plaintiff's brief to the Supreme Judicial Court and appears to have waived its objection thereto.

ORDER: The plaintiff is to be allowed the costs of his brief to the Supreme Judicial Court, and the clerk is directed to remove the case to the Superior Court.

JOHN M. MULLEN
   for Plaintiff

THOMAS C. CAMERON
   for Defendant