*Northern District*

No. 8003

## MARY LOU ZANTROFSKI, ET ALS

### v.

## SAUGUS CENTER TAXI INC., ET AL

Argued: March 15, 1973 - Decided: July 2, 1973

*Present:* Cowdrey, P.J., Bacigalupo, Flaschner, JJ.

Case tried to *Mayo, J.* in the District Court of Southern Essex. Date of Finding or Decision appealed from: July 28, 1972, Number: R-2403.

**Flaschner, J.** This tort action commenced in the Superior Court was transferred to the District Court of Southern Essex pursuant to Mass. G.L. c. 231, § 102C enacted by chapter 369 of the Acts of 1958. The plaintiffs filed in the District Court a notice of taking deposition of one of the defendants, Charles De-Franzo, pursuant to the provisions of General Rule 3:15 of the Supreme Judicial Court. After one continuance, due to engagement of counsel for the plaintiffs, the defendant whose deposition was to be taken did not appear on the continued date allegedly because of his ill health. The plaintiffs filed a motion to default this defendant under § 8(c) of Rule 3:15. A subsequent date for the taking of the deposition of this defendant was agreed upon by counsel, at which time this defendant again failed to appear allegedly due to illness. Thereafter, the District Court allowed the motion to default the defendant, Charles DeFranzo, after argument for both sides and prior to a trial on the merits.

By this report the validity of the action of the trial judge in allowing the motion to default the defendant Charles DeFranzo is properly before us. The question is whether Supreme Judicial Court Rule 3:15 is applicable

in the District Courts in the trial of a remanded case. We hold it is not, and therefore, the trial judge's action was erroneous.

Mass. G.L. c. 231, § 102C "prescribe(s) a trial with all the normal incidents of procedure in the district courts." *Lubell* v. *First National Stores, Inc.,* 342 Mass. 161. The Legislature's intent that the trial of such transferred cases be wholly governed by District Court rules and procedure was made clear by an amendment to the statute two years after its initial enactment. St. 1960, c. 303 provided, among other things:

> "The parties shall have the benefits of and be subject to procedural rules of such district courts relative to interrogatories, specifications, amendments and all other procedural matters regulating cases pending in such district courts."

It is, therefore, clear that normal District Court procedure is to be followed in the trials of transferred cases under the so-called remand statute.

The only question remaining is whether Supreme Judicial Court Rule 3:15 is a part of normal District Court procedure. The express language of this Rule does not include the District Courts. § 1(a) of the Rule provides:

> "When Depositions May Be Taken. Any party to an original civil proceeding pend-

ing in the supreme judicial court, or to a civil proceeding pending in the superior court, land court or the probate courts, may take the testimony of any person, including a party, by deposition upon oral examination for the purpose of discovery or for the use of evidence or for both purposes.''

The inapplicability of Supreme Judicial Court Rule 3:15 to District Court proceedings is also clear from comparing this Rule to other General Rules of the Supreme Judicial Court. General Rules 3:05 and 3:06, for example, provides the types of certain forms to be used ''in all courts of the Commonwealth.''

Since Rule 3:15 does not apply to District Court proceedings, and the notice of the taking of the deposition was beyond the scope of the Rule, the trial justice had no jurisdiction to invoke the use of Rule 3:15 to default the defendant, Charles DeFranzo. The allowance of the motion is hereby vacated and the case is ordered restored to the trial list.

GALVIN, SMITH & NORDLINGER
  for Plaintiff

McGLOIN & GUSTAFSON
  for Defendant