This certifies that this is the OPINION of the Appellate Division in this cause.
**Patricia D. Minotti, Clerk**

## ATLANTIC RICHFIELD COMPANY
### Plaintiff
### vs.
### John A. QUILL, Defendant

### No. 305

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**November 5, 1981**

**Robert E. Kubicek,** counsel for plaintiff
**Donald P. Conway,** counsel for defendant

### DECISION AND ORDER

This cause was heard in the Appellate Division for the Western District sitting at Springfield on May 13, 1981 upon a claim of report from the Eastern Hampden Division and,

It is hereby

ORDERED: That the Clerk of the Eastern Hampden Division make the following entry in said case on the docket of said Court, namely:

Plaintiff report is dismissed.

Date: November 5, 1981

**Allan McGuane, Justice**
**Francis J. Larkin, Justice**
**William T. Walsh, Justice**

Opinion filed herewith.

**Robert E. Fein, Clerk**

### OPINION

McGUANE, J. This action was commenced by a summary process complaint brought by plaintiff Atlantic Richfield Company (hereinafter called "Arco") against defendant John A. Quill (hereinafter called "Quill"), in which Arco sought to obtain possession of certain gasoline service station premises in Ludlow, Hampden County, Massachusetts. The defendant answered and thereafter amended his answer to include as a compulsory counterclaim allegation of violations of General Laws, Chapter 93E, section 5A.

The defendant specified no **ad damnum** in his compulsory counterclaim. The trial judge found for the plaintiff Arco on its summary process claim and for the defendant on its compulsory counterclaim and awarded $4,000.00 damages for the defendant.

The plaintiff, being aggrieved by the finding for the defendant upon his compulsory counterclaim, filed a request for a report, and after hearing the report was dismissed by the Appellate Division by decision and order dated December 6, 1979. On December 13, 1979 the defendant, by mailing to the Clerk of the District Court of Eastern Hampden, filed a claim for removal and for trial by jury in the Superior Court. In response, the plaintiff Arco filed a motion to quash defendant's claim for removal, which after hearing was denied by the trial judge, and from that denial the plaintiff has claimed this report.

The only issue presented is whether or not the trial judge's denial of said motion was an error of law. We shall treat defendant's motion to quash as a motion to dismiss the defendant's claim of removal

and for trial by jury.

This matter is governed by Mass, General Laws Chap. 231, Sections 103 and 104.

It is fairly well settled that the time limit for filing for removal is tolled or suspended while the case is on appeal to the Appellate Division. **Orasz v. Colonial Tavern, Inc.,** 365 Mass. 131; also **McGloin v. Nilson,** 348 Mass. 716 (1965); **Heil v. McCann,** 360 Mass. 507 (1971). The claim for removal and trial by jury was timely filed.

A reading of Mass. Gen. Laws Chap. 231, Section 103 in part states "...if any compulsory counterclaim is asserted by a defendant, said defendant may have the right to remove his action and claim for jury trial in the same manner and upon the same terms as are set forth in Section 104".

The only remaining argument raised by the plaintiff Arco concerns the jurisdiction **ad damnum** amount in effect at the time of this suit in the amount of $4,000.00. A reading of Section 104 of Chapter 231 disposes of this contention. The pertinent part of said Mass. Gen. Laws Chap. 231, Section 104 reads "...a party who would have been entitled to remove the case for trial in the Superior Court as hereinbefore provided but for the fact that the amount of the claim, counterclaim, or cross claim, as the case may be, does not exceed (4,000.00, now 7,500.00) shall, if he desires trial by the Superior Court, file said entry fee and bond within ten days after notice of decision of finding".

The defendant Quill has filed his entry and bond within the ten days of decision of the Appellate Division.

We find no error by the trial judge and therefore the report is to be dismissed.

Allan McGuane, Justice
Francis J. Larkin, Justice
William T. Walsh, Justice