SYLON INDUSTRIES, INC. *vs.* TRIM KNIT, INC. March 9, 1982. This action for the price of yarn specially blended for the defendant was originally brought in the Superior Court and transferred to a District Court pursuant to G. L. c. 231, § 102C. After a finding for the plaintiff for $3,512.41, the action was retransferred to the Superior Court, also pursuant to that statute. A Superior Court judge found for the plaintiff in the same amount as did the District Court judge. In its appeal, the defendant claims that the Superior Court judge ruled against the weight of the evidence in finding that the total amount of wool ordered by the defendant was in fact shipped to and received by the defendant and in finding that there was personal jurisdiction over the defendant. We affirm.

The defendant misperceives the effect of a District Court decision after retransfer to the Superior Court. That decision is "prima facie evidence upon such matters as are put in issue by the pleadings." G. L. c. 231, § 102C (as appearing in St. 1978, c. 478, § 262). *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243, 244-245 (1976). "This rule means that no matter what other evidence might be introduced in the Superior Court, the decision of the District Court judge . . . would be evidence warranting a finding for the plaintiff." *Lubell* v. *First Natl. Stores, Inc.*, 342 Mass.

161, 164 (1961). The rule is applicable even if the District Court decision is based on an alleged error of law. *Ibid. Sherman* v. *Doniger*, 374 Mass. 832 (1978)*; Methuen Constr. Co.* v. *J. & A. Builders, Inc.*, 4 Mass. App. Ct. 397, 401 (1976). The Superior Court judge in this case was free to disbelieve all the evidence presented in his court and was warranted in finding for the plaintiff solely on the basis of the prima facie effect of the District Court decision. The record in the Superior Court is not sufficient for us to conclude that the judge's decision is "clearly erroneous". Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974).

Had the defendant sought to preserve the claim that there was insufficient evidence as matter of law in the District Court to show that the total amount of wool was received by the defendant, it should have sought review in the Appellate Division. That forum and not the Superior Court is the tribunal in which the record of the District Court can be reviewed. *Lubell* v. *First Natl. Stores, Inc., supra* at 164-165. In the Superior Court only the decision and the amount of the damages assessed and "no other findings" are admissible. G. L. c. 231, § 102C. By failing to obtain review in the Appellate Division the defendant, on retransfer to the Superior Court, was left to try the issue of the amount of wool received "shackled with a decision which is prima facie evidence" and with a record insufficient to preserve its claims. *Lubell,* at 164.

The defendant is similarly barred with respect to its claim of lack of personal jurisdiction. Although pleadings are distinguished from motions under Mass.R.Civ.P. 7, 365 Mass. 748 (1974), we consider that the term "pleadings" as used in § 102C encompasses all questions of law or fact which could have been raised by motion or other pleading in the District Court under the claims of the complaint (or counterclaim). The usual meaning of the term "pleadings" includes motions claiming lack of personal jurisdiction. See *E.S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110 (1928); Black's Law Dictionary 1037 (rev. 5th ed. 1979). We see no reason to restrict the term "pleadings," as used in § 102C, a statutory provision antedating the adoption of the rules of civil procedure, to the technical use contained in the rules.

In order to preserve for appellate consideration its claim of insufficient facts to establish personal jurisdiction, the defendant was required to raise that question in the District Court, and if dissatisfied with the decision there, it should have requested that the decision be reported to the Appellate Division where the record could have been reviewed. Having failed to follow this route, the defendant is now precluded from claiming that insufficient facts to support jurisdiction were proven in the District Court or that the finding in the Superior Court on retransfer was against the weight of the evidence. Lack of personal jurisdiction is, as we have construed § 102C, a "matter put in issue by the pleadings" under the statute, and the prima facie effect of the decision of the District Court applies to jurisdictional facts as well as to other facts. Cf. *Universal Adjust-*

*ment Corp.* v. *Midland Bank, Ltd.*, 281 Mass. 303, 316-317 (1933). Assuming without deciding that the evidence before the Superior Court judge would not have been sufficient to establish jurisdiction under G. L. c. 223A, § 3, that judge was warranted in finding for the plaintiff solely on the basis of the decision of the District Court judge. *Lubell, supra* at 164.

*Judgment affirmed.*

*Sydney S. Lonstein* for the plaintiff.
*Steven A. Kressler,* for the defendant, submitted a brief.