BLACKSTONE VALLEY NATIONAL BANK *vs.* MARTHA E. HANSON, executrix. March 1, 1983. In a case transferred under G.L. c. 231, § 102C, the District Court entered a judgment for the plaintiff mortgagee against four mortgagors in an action to recover a deficiency following a foreclosure sale, and the Appellate Division affirmed. The case was retransferred to the Superior Court, where, at the close of the evidence, a verdict was directed for the plaintiff against all of the mortgagors on the issues of liability and damages, except as to reasonable attorney's fees and costs. The jury returned a verdict, as directed, and determined attorney's fees and costs, and a judgment entered accordingly. The defendant, the executrix of the estate of one of the mortgagors, appealed.

The decision and the amount of damages assessed by the District Court were prima facie evidence upon the matters put in issue by the pleadings. See G.L. c. 231, § 102C; *Fulton* v. *Gauthier*, 357 Mass. 116, 117-118 (1970); *Sylon Indus., Inc.* v. *Trim Knit, Inc.*, 13 Mass. App. Ct. 970 (1982).

The defendant offered no evidence challenging the validity of the foreclosure sale. The defendant argues, however, that the plaintiff, which had not made an entry into possession for the purpose of foreclosure (see G.L. c. 244, §§ 1, 2; *Seppala & Aho Constr. Co.* v. *Petersen*, 373 Mass. 316, 321-322 [1977]), by its acts assumed possession of the property and a consequent duty to protect it from waste and damage and to make repairs. See *Skolnick* v. *East Boston Sav. Bank*, 307 Mass. 1, 6 (1940). *Negron* v. *Gordon*, 373 Mass. 199, 206 n.6 (1977). Here the mortgagors abandoned the property but a tenant of theirs remained and paid rent to them for a time. The plaintiff did not demand or receive rent from the tenant. After abandonment and prior to the foreclosure sale, the mortgagors had access to the property at all times and at least one of them visited the property from time to time. The plaintiff did not occupy the property, nor exercise any control over it. A representative of the plaintiff visited the property on three or four occasions, asked the tenant to

"keep an eye on it," and arranged and paid for emergency repairs and clean up work following the breaking of water pipes and the flooding of a building. The evidence was insufficient to support a finding that the plaintiff was in possession of the property.

The District Court findings, not having been rebutted, required a directed verdict for the plaintiff. *Fulton* v. *Gauthier, supra.*

*Judgment affirmed.*

*Donald E. Church* for the defendant.
*Henry J. Lane* for the plaintiff.