Dohoney, J.
This case presents the somewhat complex issue of whether the filing of a motion for a new trial pursuant to Mass. R Civ. P. 59(a) and a motion to alter or amend judgment pursuant to Mass. R Civ. P. 59(e) tolls the time for retransfering a case to the Superior Court Department pursuant to General Laws, Chapter 231, Section 102C.
From the Report we learn that the plaintiff commenced an action for malicious prosecution against each of the defendants in the Superior Court Department. The Superior Court Department remanded the case to the Fitchburg Division of the District Court Department pursuant to General Laws, Chapter 231, Section 102C. After trial the Trial Justice found for the defendants and filed written findings and an order on June 25, 1991. Judgment was entered in June 25, 1991.
The plaintiff filed a “Motion under M.RC.P. Rule 59 (a), For A NewTrial Or, In The Alternative, Under M.RC.P. Rule 59 (e), For the CourtTo Alter Or Amend Its Finding and Judgment” on July 2, 1991. After a hearing the Trial Justice denied the Motion on September 26, 1991.
On October 4, 1991, the plaintiff filed a Requestfor Retransferto the Superior Court Department
On November 15, 1991, the plaintiff filed a Motion for Relief from Judgment under Mass. R Civ. P. 60(b)(1).
On December 30, 1991, theTrialJustice struck theplaintiffsRequestfor Retransfer but allowed the Motion for Relief from Judgment. He also ordered that a new judgment be entered which was identical to the original judgment which had entered on June 25, 1991. On January 3, the plaintifffiled an additional Requestfor Retransfer. On January 6, 1992, the defendant filed a Draft Report.
The issue to be decided is whether the plaintiff timely filed her first Request for Retransfer.
Judgment was entered on June 25, 1991. General Laws, Chapter 231, Section 102C provides
Any party to the transferred action aggrieved by the finding or decision may as of right have the case retransferred for determination by the superior court.... The request for retransfer ... shall be filed with the clerk of said district court within ten days after notice of the finding or decision.
There is no question of receipt of notice presented. Thus, the Requestfor Retransfer should havebeenfiled before mid July. However, itwas notified until October 4, 1991. The plaintiff contends that the filing of the Motion for NewTrial on July 2, 1991, tolls the time and that she has ten days after notice of the decision on that motion to request *112 retransfer. Since the Motion for NewTrial was not decided until September 26, 1991, her Request for Retransfer on October 4, 1991, would then be timely.
The only case directly on point is Vicalvi v. George, 39 Mass. App. Dec. 73 (1967). This case was remanded to the District Court pursuant to General Laws, Chapter 231, Section 102C. A finding was entered for the defendant on May 1, 1967. On May 4, 1967, the plaintifffiledaMotionforaNewTrial. Thiswas denied on June 14, 1967. On June 15, 1967, the plaintiff filed a Request for Retransfer. The defendant objected and stated the request was too late. The Appellate Division of the Western District held that the matter could be transferred. The Court relied upon McGloin v. Nilson, 348 Mass. 716 (1965), which had held that a request for retransfer to the Superior Court filed within ten days after the dismissal of a draft report but more than ten days after receipt of a notice of finding was timely. The Court stated that ‘The filing of the motion for anew trial had the same procedural effect as the filing of a draft report.” The Court felt that
The final result was reached when the motion for a new trial was denied. It was after receipt of notice of this ruling the ten day period within which either party, as a matter of right, could request retransfer to the Superior Court, commenced to run.
However, the validity of this ruling was severely questioned by Coen Marine Equipment, Inc. v. Kurker, 392 Mass. 597 (1984). In Coen the action was originally commenced in the District Court. The Court entered judgment for the plaintiff on January 25, 1980. The defendant moved for a new trial on January 31, 1980. This motion was denied on April 18, 1980, but the action was not discovered until November 4, 1981. On November 12, 1981, the defendantfiled amotion to remove the case to the Superior Court, a claim of jury trial and other documents appropriate for appeal under General Laws, Chapter 231, Section 104. The Trial Justice denied the motion to remove to the Superior Court. The Supreme Judicial Court upheld the action of the Trial Justice and in effect held that the filing a motion for a new trial does not toll the time for removal under General Laws, Chapter 231, Section 104. The Court distinguished McGloin by saying that constitutional grounds relative to the prima facie effect of the District Court finding had dictated the result that an appeal to the Appellate Division did toll the time for retransfer. The Court felt that there was no “unfairness or constitutional infirmity” in giving prima effect to the District Court finding which could be challenged in the Appellate Division. The Court stated
We see no reason, therefore, to give other than a literal construction to the requirement of G.L.c. 231, §104, that if a party desires a trial by the Superior Court, he must file an entry fee and bond ‘within ten days after notice of the decision or finding.’ The statute says nothing about a restarting of the ten-day period on notice of the disposition of a motion for a new trial.
We recognize that there is substantial merit to the position of the defendant. While Coen involved a case commenced in the District Court and for which an appeal is sought under General Laws, Chapter 231, Section 104 and our case involves a case remanded to the District Court for which retransfer is sought under General Laws, Chapter 231, Section 102C, we can see no basis for a distinction on either statutory or policy grounds.
Both statutes simply require the filing of various documents. Both statutes are silent as to any tolling provisions and as to any restarting of time for filing other motions. Clearly, the remand and transfer procedures are sufficiently complex that there should not be a different rule for case originating in the Superior court and those originating in the District Court.
However, we feel constrained to follow the precedent of Vicalvi. Vicalvi involves *113 the exact same fact pattern as our case. It is a statement of the Appellate Division of our district. Counsel should be able to rely on procedural precedents in areas involving such significant consequences as the loss of a right to trial by jury. We lament the application of a different rule for cases under General Laws, Chapter 231, Section 102C and for cases under General Laws, Chapter 231, Section 104, but we note that either result brings a disparity of treatment as to the tolling of retransfer provisions for post trial proceedings.
Thus, we conclude that a motion for a new trial does toll the time for filing a request for retransfer under General Laws, Chapter 231, Section 102C.
We would further say that the prudent procedure is for an aggrieved party to file his motion for a new trial within ten days after entry of judgment and to file his request for retransfer within ten days after the notice of the decision. General Laws, Chapter 231, Section 102C. The District Court should not retransfer the action until the completion of the motionfor anew trial. See Sroczynski v. Shell Oil Company, 394 Mass. 222, n.2 (1985).
Thus, although on different grounds, we reach the same result as the Trial Court Justice.
Accordingly, the Report is Dismissed.