COEN MARINE EQUIPMENT, INC. *vs.* EDWARD W. KURKER.

Barnstable.   April 2, 1984. — August 2, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*District Court*, Report. *Practice, Civil*, Removal of case to Superior Court.

Under G. L. c. 231, § 104, the ten-day period allowed for filing the entry
fee and bond required for removing a case from the District Court to
the Superior Court begins to run on notice of the decision or finding on
the merits after trial, including review by the Appellate Division if
requested, and is unaffected by the filing of a motion for a new trial or
by action taken or notice given with respect to such a motion. [598-603]

CIVIL ACTION commenced in the First District Court of
Barnstable on September 12, 1977.

A petition to establish a report was heard by *Shea*, J.

*William F. Coyne, Jr.,* for the defendant.

*Charles M. Sabatt,* for the plaintiff, submitted a brief.

O'CONNOR, J. The defendant, Edward Kurker, doing busi-
ness as Hyannis Marine Service, appeals from a decision of
the Appellate Division of the District Courts, Southern District,
denying his petition to establish a report challenging the denial
of his motions for removal of the case to the Superior Court
pursuant to G. L. c. 231, § 104, as amended through St. 1975,
c. 123, §§ 1, 2, c. 377, §§ 104, 164, and for relief from
judgment. We affirm the denial of the petition.

On September 12, 1977, the plaintiff, Coen Marine Equip-
ment, Inc. (Coen Marine), brought an action of contract in the
District Court Department, Barnstable Division, seeking recov-
ery of money it had paid to Kurker to secure the release of its
barge which had been docked at Kurker's marina. It also sought
compensation from Kurker for items allegedly stolen from the
barge while the barge was docked there. The total amount of
the claim against Kurker was $2,870.47 plus interest and costs.

On January 25, 1980, after a trial before a judge of the District Court, judgment entered for Coen Marine in the amount of $1,400. On January 31, 1980, Kurker moved for a new trial claiming that the judge had agreed to give the parties until the end of January to submit memoranda of law. Kurker also filed a motion for relief from judgment based on the same ground. Both motions were denied on April 9, 1980, out of the presence of the parties.

On November 12, 1981, approximately nineteen months after the denial of his original posttrial motions, Kurker filed in the District Court an entry fee, a bond, and a claim of jury trial in the Superior Court. He also filed a motion to remove the case to the Superior Court and a second motion for relief from judgment.

General Laws c. 231, § 104, as amended through St. 1975, c. 123, §§ 1, 2, c. 377, §§ 104, 164, states in pertinent part that "[a] party who would have been entitled to remove the case for trial in the superior court as hereinabove provided but for the fact that the amount of the claim, counterclaim, or cross-claim, as the case may be, does not exceed four thousand dollars[1] shall, if he desires trial by the superior court, file said entry fee[2] and bond *within ten days after notice of the decision or finding*. Such filing shall have the same effect as a request for retransfer under section one hundred and two C . . . applicable to retransferred cases" (emphasis added). Kurker contended in the District Court, as he does here, that the time within which a party must make the filings appropriate for removal of the case to the Superior Court under G. L. c. 231, § 104, begins to run from the date of notice of denial of a timely motion for a new trial.[3] In the present case there was an uncontroverted affidavit from counsel for Kurker which

---

[1] The 1978 amendment, St. 1978, c. 478, § 263, and by § 343 made effective July 1, 1978, substituted "seven thousand five hundred" for "four thousand" throughout the section.

[2] The 1980 amendment, St. 1980, c. 539, § 4, and by § 14 made effective upon passage, substituted "an entry fee of fifty dollars" for "said entry fee."

[3] "A motion for a new trial shall be served not later than 10 days after the entry of judgment." Dist. Mun. Cts. R. Civ. P. 59 (b) (1975).

stated that the denial of the motion for a new trial was not discovered until November 4, 1981, when a secretary called the Barnstable District Court clerk's office to inquire about the case. Kurker concluded that by making the filings required for removal on November 12, 1981, he had met the time requirements prescribed by G. L. c. 231, § 104. Kurker's motion for relief from judgment was simply a back-up effort to reach the same result. In that motion, Kurker requested that the court vacate the judgment of January 25, 1980, and enter a new judgment in the same amount so that the ten-day period for removing the case to the Superior Court would begin anew. On November 23, 1981, both motions were denied.

On December 3, 1981, Kurker filed a draft report in the District Court claiming to be aggrieved by the denial of his motion for removal and the denial of his second motion for relief from judgment. A hearing was held on the draft report on January 14, 1982, at which time a District Court judge instructed the parties to work out an agreement on the form of the report. After several attempts, the parties were unable to reach agreement. On May 12, 1982, Coen Marine submitted its own draft report and thereafter Kurker filed an amended draft report.

On September 27, 1982, the judge allowed Coen Marine's draft report[4] but did not explicitly disallow Kurker's draft report. Kurker then petitioned the Appellate Division pursuant to Dist. Mun. Cts. R. Civ. P. 64 (e) (1975) to establish a report. On July 20, 1983, the Appellate Division, concluding that "the draft report sought to be established discloses no error prejudicial to the rights of the appellant," denied the petition. The Appellate Division was not required to determine whether the draft report sought to be established conformed to the facts and was otherwise suitable for allowance by the trial judge, if in

---

[4] A draft report is the vehicle by which an aggrieved party presents to the Appellate Division the errors he claims together with sufficient information about their circumstances to enable the court on appeal to review them intelligently. A draft report by the nonaggrieved party is inappropriate and should not be allowed by the trial judge.

any event it disclosed no prejudicial error. See *Locke* v. *Slater,* 387 Mass. 682, 685 (1982). Although our reasoning is not the same as that of the Appellate Division, we agree that if the draft report were established it would disclose no prejudicial error. We hold that under G. L. c. 231, § 104, the ten-day period for filing the entry fee and bond required for removal of a case from the District Court to the Superior Court begins to run on notice of the decision or finding on the merits after trial, including review by the Appellate Division if requested, and is unaffected by the filing of a motion for a new trial or by action taken or notice given with respect to such a motion. The judge was correct, therefore, in denying the defendant's motion to remove the case to the Superior Court, and there was no abuse of discretion in denying the defendant's motion for relief from judgment and for entry of a new judgment, which was grounded on the defendant's incorrect assertion that he had a right at that time to remove the case.

Kurker's reliance on *McGloin* v. *Nilson,* 348 Mass. 716 (1965), and *Orasz* v. *Colonial Tavern, Inc.,* 365 Mass. 131 (1974), for the proposition that the time prescribed by G. L. c. 231, § 104, for removal of a case to the Superior Court does not begin to run until after notice of the disposition of a new trial motion is misplaced. In *Lubell* v. *First Nat'l Stores, Inc.,* 342 Mass. 161, 163 (1961), we were concerned with the construction of G. L. c. 231, § 102C, inserted by St. 1958, c. 369, § 3, which permitted the Superior Court to transfer for trial in a District Court any action of tort or contract in which the Superior Court determined that the likelihood of recovery by a plaintiff, if the plaintiff were to prevail, would not exceed a certain amount. It provided further that "[s]uch action shall be tried by a . . . justice of the district court . . . . The justice shall file a written decision or finding with the clerk . . . . Any party . . . aggrieved by the finding or decision may as of right have the case retransferred for determination by the superior court. The request for retransfer shall be filed with the clerk of said district court within ten days after notice of the decision or finding. . . . The action shall thereafter be tried

in the superior court. The decision of, and the amount of damages assessed, if any, by a district court shall be prima facie evidence upon such matters as are put in issue by the pleadings, and no other findings of such court shall at any time be admissible as evidence or become part of the pleadings." In *Lubell,* we focused on the fact that a District Court judge's finding for the plaintiff would by itself be evidence in the Superior Court warranting a finding for the plaintiff, although "[h]is decision might be based upon an alleged error of law." *Id.* at 164. We expressed concern that the defendant's "right to a jury trial would be affected; and there would be reasonable fear that there might be a denial both of due process and of the equal protection of the laws because of discrimination in according the right of review." *Id.*

Responding to our duty to construe G. L. c. 231, § 102C, in a manner that would be free from constitutional doubts, if possible, we concluded that "the provisions of § 102C that a case should be transferred 'for trial,' and 'shall be tried,' pre-scribe a trial with all the normal incidents of procedure in the District Court," including a report of questions of law to the Appellate Division. *Id.* at 165. We concluded that only after review of all questions of law by the Appellate Division, if a report were sought, would a case be ready for retransfer by the District Court to the Superior Court. Then "[t]he 'decision' of the District Court judge could . . . have its effect as prima facie evidence and would be free from reasonable constitutional doubts." *Id.*

Having held in *Lubell* that a case transferred from the Superior Court to the District Court under G. L. c. 231, § 102C, was not ready for retransfer to the Superior Court until Appel-late Division review, if sought, were completed, we held in *McGloin* v. *Nilson, supra* at 718-719, that the ten-day removal period provided in § 102C begins to run on notice of the decision or finding following the final disposition of the case by the Appellate Division. Final disposition in the Appellate Division, we observed, "ha[s] the result of giving for the first time full force and effect to the finding. . . ." *Id.* at 718.

In *Orasz* v. *Colonial Tavern, Inc.*, 365 Mass. 131, 136 (1974), we stated that "[t]he similar provisions of [G. L. c. 231, § 104] for a trial in the District Court and for a subsequent transfer to the Superior Court and its requirement that a case so transferred be treated in the same manner as a retransferred case under § 102C convinces us that we should also apply the language and the time schedule of the *Lubell* and *McGloin* cases to those arising under G. L. c. 231, § 104." We held in that case that the defendant lost its right to remove an action from the District Court to the Superior Court by appealing to the Supreme Judicial Court without taking steps to remove the action within ten days after notice of the Appellate Division's decision. *Id.* at 134-140.

Our concern, based upon constitutional principles, about giving prima facie effect in the Superior Court to a decision or finding of a District Court judge without giving the parties an opportunity for review by the Appellate Division, led us to conclude in *McGloin* and *Orasz* that the ten-day period for removal provided by G. L. c. 231, §§ 102C and 104, begins to run only after the judge's decision or finding has been given full force and effect by Appellate Division review, if requested. The filing of a motion for a new trial, calling for an exercise of discretion by the judge, does not trigger the same concerns. There is no unfairness or constitutional infirmity in giving prima facie effect in the Superior Court to a District Court finding which the parties have had an opportunity to challenge through review in the Appellate Division. We see no reason, therefore, to give other than a literal construction to the require-ment of G. L. c. 231, § 104, that if a party desires a trial by the Superior Court, he must file an entry fee and bond "within ten days after notice of the decision or finding." The statute says nothing about a restarting of the ten-day period on notice of the disposition of a motion for a new trial.

The decision of the District Court judge in favor of Coen Marine in the amount of $1,400 was rendered on January 25, 1980. No report was requested. Kurker's motion for a new trial, filed on January 31, 1980, establishes that he had prompt notice of the decision made on January 25. Consequently, the

time for removal expired at least within ten days after January 31, 1980. As a result of Kurker's failure to take the appropriate steps for removal in timely fashion, he lost his right of removal. *H.K. Webster Co.* v. *Mann,* 269 Mass. 381, 384 (1929).

*Order of the Appellate Division affirmed.*