Welsh, P.J.
This is a petition to establish a report. The action to which the petition relates was brought pursuant to General Laws Chapter 90, § 34M for personal injury protection benefits.
The issue raised by the answer was whether or not the plaintiff made timely application for benefits.
The court found for the defendant.
The draft report which the plaintiff seeks to have established indicates that the accident giving rise to the claim occurred on January 11, 1977. There is evidence in the draft report that the insurance company did not receive a completed P.I.P. form and supporting medical bills until January 26, 1979, more than 2 years later. The judge ruled that by failing to file application for Personal Injury Protection benefits within two years of the date of the accident the plaintiff is barred from receiving benefits.
The plaintiff takes the position that on January 9,1979 he mailed a copy of his answers to interrogatories propounded by the defendant. The plaintiff argues that this statute of limitations does not bar this claim since Rule 5(b), Mass. R. Civ. P. provides that service upon the attorney or upon a party is complete upon mailing.
For reasons that will appear, the petition is fatally flawed. We observe in passing, that Rule 5(b) relates to service of pleadings subsequent to the complaint. It does not apply to the manner in which notification must be given to the insurer of a claim for P.I.P. benefits. General Laws Chapter 90 §34M, Paragraph 3, provides, in part, as follows:
Claim for benefits due under the provisions of personal injury protection . . . shall be -presented to the company providing such benefits as soon as practicable after the accident occurs from which such claim arises, and in every case, within at least two years from the date of the accident. .. .
The judge was not required to find that the mailing of answers to interrogatories which contained the information required by General Laws Chapter 90, §34M constituted a timely presentation of a claim for benefits to the defendant. Nor was the judge required in the light of conflicting evidence to accept the plaintiffs assertion that prompt and sufficient notice in accordance with the statute was afforded the defendant. Even if the report sought to be established were properly before us, the plaintiff would not prevail. “The Appellate Division [is] not required to determine whether the draft report sought to be established conformed to the facts and was otherwise suitable for allowance by the trial judge, if in any event it disclosed no prejudicial error. See Locke v. Slater, 387 Mass. 682, 685 (1982); Coen Marine Equipment Co. v. Kurker, 392 Mass. 597, 599, 600 (1984).
We pause to comment on a procedural aberration in this case which appears to be an all too common phenomenon. Instead of focusing upon the draft report furnished by the plaintiff, who was the party aggrieved, the judge received and adopted a draft report prepared by the defendant. As was observed in Coen Marine Equipment Co. v. Kurker, supra, fn. 4 at 599, “A draft report is the vehicle by which an aggrieved party presents to the *239 Appellate Division the errors he claims together with sufficient information about their circumstances to enable the court on appeal to review them intelligently. A draft report by the non-aggrieved party is inappropriate and should not be allowed by the trial judge.”
The docket entries show that the petition to establish draft report was not timely filed. Counsel for the parties received notice on April 13, 1984 by telephone of the trial judge’s decision to allow the defendant’s draft report, thus in effect disallowing the plaintiffs draft report. See Coen Marine Equipment Co. v. Kurker, 1983 Mass. App. Div. 221, 223; Massachusetts Drug Co. v. Bencks, 256 Mass. 535, 536 (1926). The plaintiff filed a motion to file petition to establish draft report and the petition to establish on April 30, well in excess of the 5 days provided for taking such action in Rule 64(e), Dist./Mun. Cts. R. Civ. P. Failure to file a timely petition to establish the plaintiffs draft report works a forfeiture of the appeal. Assuming that the Appellate Division has authority to enlarge the time allowed for cause shown, such authority should be exercised in such a manner “as to promote and not baffle an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of practice in the courts.” Alpert v. Mercury Publishing Co., 1979 Mass. App. Div. 447, 449. Since the plaintiffs counsel was given notice by telephone on April 13,1984, it is difficult to see how a change of his office address contributed towards his tardiness in filing. Generally, a change of address is not usually looked upon favorably as a circumstance excusing a party from proceeding in a timely manner to preserve appellate rights. Knapp v. Cramer, 1980 Mass. App. Div. 11.
Finally, and perhaps most fundamentally, the petition is fatally defective in that it fails to contain an affidavit of equivalent statement under the pains and penalties of perjury, in unequivocal terms that the draft report sought to be established conforms to the truth. Lasell v. Director of the Division of Employment Security, 325 Mass. 23, 25-26 (1949); Cook v. Kozlowski, 351 Mass. 708 (1967).
Apart from the failure to timely file the petition to establish report, the docket reflects that the plaintiff failed to either commence an appeal to the Appellate Division by filing a timely request for report or a motion to amend findings and/or judgment or motion for a new trial. A seasonably filed request for report and/or draft report is a condition precedent to invoking the remedy of a petition to establish a draft report.
It is ordered that the petition for draft report be, and hereby is, denied.

So ordered.