MICHAEL MASTABY & others[1] *vs.* CENTRAL HOSPITAL, INC. No. 92-P-176. May 25, 1993. *Negligence*, Proximate cause, Comparative. *Proximate Cause. Practice, Civil*, Instructions to jury.

Whether he slipped or tripped, Michael Mastaby claims to have fallen and hurt himself while delivering an armload of uniforms to the defendant Central Hospital, Inc. (the hospital). Mastaby brought an action in which he alleged that his fall had been caused by the hospital's negligent maintenance (ice accumulation and a crack) of the path to the rear door for which he was headed.[2] After a long trial for a fall-down case (eleven days), the jury, responding to special questions, returned a verdict that the hospital was negligent but that the hospital's negligence was not a substantial factor in producing the complained-of injury to Mastaby. From a judgment in favor of the hospital, the plaintiffs have appealed.

That appeal is based on two claims of error in the judge's instructions to the jury: (1) that he failed to instruct adequately as to causation or, more particularly, when negligence would be a substantial factor in causing the injury; and (2) that he failed to give a charge about the consequences of allocation of comparative negligence.

The judge held a charge conference the day before he was to instruct the jury at which he gave counsel a written draft of the instructions he proposed to deliver. Following his charge, the judge consulted with counsel about objections regarding the charge. On neither occasion did the plaintiffs' counsel whisper an objection to the manner in which the judge had instructed the jury about causation or about how the judge had used the phrase "substantial factor." At that point of the proceedings, in view of the failure of plaintiffs' counsel to object to inadequate explication of the phrase "substantial factor" in the instructions, the point is lost as one which may be made on appeal. Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). But the plaintiffs claim a second chance because, after some time in deliberation, the jury put to the judge the question: "Your honor, please define 'substantial factor.'" The judge repeated his instruction, which was a close paraphrase of the Restatement (Second) of Torts § 433 (1963, 1964).[3] If plaintiffs' counsel thought this an error, he failed to manifest that view with the requisite clarity. What counsel did was to repeat that

---

[1]Bonney Mastaby, his wife, and Daniel and Nicholas Mastaby, his sons.

[2]The plaintiffs also named as defendants James Motzkin and Joseph Motzkin, partners of Motzkin J. & Sons, which owned a dumpster located in the area where Mastaby fell. The jury returned a verdict finding the Motzkins had not been negligent. They are not involved in the appeal.

[3]The judge told the jurors that in determining what was a "substantial factor" they were "to consider all of the factors that you are persuaded contributed to producing the harm, the extent of the effect that all those factors had in producing it, whether the conduct in question created a force that was in active operation up to the time of Mr. Mastaby's asserted fall or, instead, created a situation harmless unless and until acted upon by forces for which the actor was not responsible, and the length of time between the conduct and the asserted fall. No one factor is dis-

the jury's question made it the more important that the jury be made aware of "the state of Massachusetts law concerning percentage allocations in the comparative negligence context." That statement hardly calls in question what the judge had to say about the phrase "substantial factor." See *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489, 491 (1977).

As to the request for an instruction to the jury on the consequences of determination of comparative negligence, it may be sufficient to say the matter became academic because the jury were not required to — and did not — proceed to the special questions dealing with assignment of percentage of negligence; they had already decided that the hospital's negligence had not caused the harm which befell Mastaby. It might have injected a misleading element of quantification into the idea of causation if the judge had woven into it the consequences of comparative negligence. See *O'Connor* v. *Raymark Indus., Inc.*, 401 Mass. 586, 592 (1988). As a general proposition, whether to tell jurors about the consequences of assignment of percentages of comparative negligence is within the discretion of the trial judge. See *Flood* v. *Southland Corp.*, 33 Mass. App. Ct. 287, 300-302, further appellate review granted, 413 Mass. 1109 (1992).[4]

*Judgment affirmed.*

Robert W. Joyce for the plaintiffs.
Joan Eldridge for the defendant.

---

positive. You must consider all of those factors together." The instruction was correct. See *O'Connor* v. *Raymark Indus., Inc.*, 401 Mass. 586, 592 (1988).

[4]The limiting case to that proposition, discussed in the *Southland* opinion, is not involved in the cause before us.