Gelinas, J.
A District Court judge allowed defendant Stephen McWilliam’s motion for late removal to Superior Court and plaintiff Harold Schneider, D/B/A Nev. Productions appeals under Dist/Mun. Cts. R. A D. A., Rule 8B.
This appeal follows several post-trial motions in which the defendant repeatedly attempted to “appeal” an adverse judgment to Worcester Superior Court pursuant to G.L.c. 231, §104.
On December 31,1992, plaintiff Harold Schneider brought action for breach of contract against a Brian McWilliam and the defendant Stephen McWilliam in the Worcester Central District Court. The plaintiff claimed damages of $4,950.00 plus interest of 18% per year from October 2,1992. The damages were not expected to exceed $25,000 and the plaintiff did not claim a jury trial. The defendants filed their answer on January 21, 1993 without counterclaims and without a claim for jury trial.
The case was heard on December 11,1996, and on February 12,1997, the Court entered judgement for the plaintiff and against the defendant in the amount of $9,768.95. The judgment was filed and notice was sent of February 14,1997.
On February 18, 1997, defendant attempted to file with the clerk’s office an appeal to Worcester Superior Court pursuant to G.L.c. 231, §97 via a pleading captioned “Appeal to Superior Court.” Defendant did not file or attempt to file a bond as required by the statute. No copy of this pleading was served on plaintiff.
Sometime thereafter, the clerk of the court returned the “appeal” to defendant. Accordingly, on March 17, 1997, defendant’s counsel sent a letter to the clerk explaining that he was “appealing” to Worcester Superior Court pursuant to G.L.c. 231, §97. Again, it is disputed whether defendant filed or attempted to file a removal fee, but undisputed that he did not file a bond. Defendant also did not serve a copy of this letter on plaintiff.
On March 24,1997, the clerk returned the appeal to defendant along with a letter explaining that the proper procedure was not to “appeal” the case but to remove it to supérior court, file a cover sheet and pay a removal fee.
On March 25, 1997, more than thirty days after receiving notice of judgment (entered on February 14, 1997), defendant filed with the Court the first of three motions for late removal. This first motion was captioned “Motion for ‘Late Removal’ to Worcester Superior Court” and explained to the Court what purport *226 edly had transpired between defendant and the clerk. Attached to the motion was a photocopy of a November 5,1996 check drawn from defendant’s counsel’s checking account prior to trial. The check had been sent together with an earlier G.L.c. 21, §97 appeal of an order for default entered against the defendant. The default was later vacated by the Court and no actual appeal was taken.
In response to the motion, plaintiff filed with the Court and served on defendant his “Opposition to Defendant’s Motion for ‘late removal’ to Superior Court.”
The motion and opposition were heard on April 11,1997. Just prior to the hearing, defendant drafted (by hand) and gave to plaintiff the second of his motions for late removal, captioned “Amended Motion for Late Removal.” In it, defendant asked the Court to consider his earlier unsuccessful attempts at appeal under G.L.c. 231, §97 as requests for removal under G.L.c. 231, §104. Plaintiff immediately wrote plaintiff’s opposition on the back of the new motion to assure that objections would be preserved for the record.
At the hearing, defendant asked the Court to consider the November 5, 1996 check to be the G.Lc. 231, §104 removal fee in light of its never being “used” by the clerk’s office. He did not file or attempt to file a removal bond and did not ask the Court to waive the G.Lc. 231, §104 bond requirement.
Sometime after the hearing, defendant filed with the Court (without serving a copy on plaintiff) the third of his motions for late removal, which was apparently a “clean copy” of Motion #2, the “Amended Motion for Late Removal.” The Court allowed the motion on May 5,1997, and notice of this Order was sent to the parties on May 21,1997.
A defendant aggrieved by the final judgment of a district court in a case in which no claim exceeds $25,000.00 has 30 days from the date he receives notice of the final judgment to remove the case to superior court for retrial. G.Lc. 231, §104. To remove the case, the defendant must file a removal request, a bond and a removal fee within that 30 day period. Id; Coen Marine Equipment, Inc. v. Kurker, 392 Mass. 597, 60 (1984). A “failure in the performance of any one of these essential prerequisites” deprives a defendant of his right to removal as a matter of law (emphasis supplied). Orasz v. Colonial Taver, Inc., 365 Mass. 131, 136 (1974).
More important, a district court has no discretion to extend the time in which a defendant can file his request, bond, and removal fee. Farses v. Segal, 1990 Mass. App. Div. 196, 198; Coen Marine Equipment, Inc. v. Kurker, 392 Mass. 597, 602 (1984), Vahedi v. Talbot, 1997 Mass. App. Div. March 19, 1997, Mathias v. Rabilou, 1998 W.L. 1666-40 (Mass. App. Div.).
The defendant did not meet any of these requirements. He received notice of the final judgment on February 14,1997 and the 30th day thereafter, excluding the last intervening Sunday, was March 17,1997. No authority exists for the prospective application of a check filed in the one appeal to a subsequent appeal. In any event no bond was ever filed.
The judgment of the District Court allowing defendant’s motion for late removal to Superior Court is reversed, and the trial court’s judgment for plaintiff is affirmed.