### OMAR GONZALEZ, JR. *vs.* FRANK W. SPATES.

No. 99-P-813.

Essex. December 6, 2001. - April 10, 2002.

Present: JACOBS, KANTROWITZ, & KAFKER, JJ.

*District Court,* Removal of case to Superior Court. *Practice, Civil,* Removal of case to Superior Court, Transfer of action to Superior Court, Judgment, Instructions to jury. *Evidence,* Judicial discretion, Expert opinion, Speed of vehicle. *Negligence,* Motor vehicle.

This court concluded that G. L. c. 231, § 104, providing that, following a trial in District Court, a party who desires trial in the Superior Court must file an entry fee and bond within "thirty days after notice of the decision or finding," referred to thirty days after notice of entry of judgment, unless review by the Appellate Division has been sought; consequently, a motion filed by the defendant in the District Court, more than thirty days after he received a copy of the District Court judge's "findings and rulings of the court" but fewer than thirty days after he received notice of the entry of judgment, was filed timely to remove the case to the Superior Court. [439-444]

On a motion in limine to introduce evidence of a civil defendant's eighteen year old drug distribution conviction, not on the usual statutory basis (G. L. c. 233, § 21), but to demonstrate that the defendant had been untruthful when, in his initial response to an interrogatory, he denied ever having been convicted of a felony, the judge acted within her discretion in concluding that the defendant's prior conviction was not admissible because it would have been more prejudicial than probative, it did not fall within § 21, and interrogatory answers are not conclusive or binding on parties. [444-445]

There was no merit to the argument by the plaintiff that the trial of a negligence case was tainted when a police officer, who had responded to the scene of an accident in which the plaintiff was injured but did not witness the accident, gave his opinion, without objection, regarding the truck's relative speed on impact, and the extent of the plaintiff's injuries and how they related to speed on impact. [445]

In a negligence case arising from injuries suffered by a pedestrian when struck by a vehicle on a public street, the judge was within her discretion in excluding testimony on the vehicle's speed expressed in miles per hour on the basis of the witness's lack of time to observe the defendant driving. [445-446]

At a negligence trial, the judge was within her discretion in not giving a requested instruction to the jury with regard to the consequences of assign-

ing percentages of comparative negligence, where there were no exceptional circumstances present that would have required the instructions; further, the judge's refusal to give other requested instructions was similarly within her discretion. [446]

CIVIL ACTION commenced in the Lawrence Division of the District Court Department on August 28, 1996.

On removal to the Superior Court Department, a motion to dismiss was heard by *Joseph A. Grasso, Jr.*, J., and the case was tried before *Barbara J. Rouse*, J.

*Simon Dixon* for the plaintiff.

*Michael A. Murphy* for the defendant.

KAFKER, J. After the plaintiff, Omar Gonzalez, Jr., was struck by the vehicle driven by the defendant, Frank W. Spates, Gonzalez was awarded $18,000 in a negligence action in District Court against Spates. More than thirty days after receiving a copy of the District Court judge's "findings and rulings of the court" but fewer than thirty days after receiving notice of the entry of judgment, Spates filed a motion to remove the case to Superior Court pursuant to G. L. c. 231, § 104. Gonzalez's motion in District Court to dismiss Spates's removal request as untimely was denied, as was Gonzalez's similar motion filed in Superior Court after removal. In a subsequent jury trial in the Superior Court, Gonzalez recovered nothing, after a jury found that his negligence exceeded that of Spates. Gonzalez appeals the Superior Court's denial of his motion to dismiss. He also alleges three evidentiary errors and several errors concerning jury instructions in his trial in Superior Court. We conclude that the Superior Court judge properly denied his motion to dismiss and that his other arguments are without merit. Accordingly, we affirm the Superior Court judgment.

*Motion to dismiss.* After the District Court trial on December 23, 1997, the judge prepared "findings and rulings of the court," dated the same day. The findings and rulings provided that "judgment is to enter for the plaintiff in the amount of $18,000." The findings and rulings were docketed, and notice issued, on January 8, 1998. Counsel for Spates acknowledged having received a copy of the judge's findings and rulings on January 9, 1998. Judgment pursuant to Mass.R.Civ.P. 58, as amended,

371 Mass. 908 (1977), did not, however, enter until February 11, 1998, on which date notice of entry of judgment also was sent and the writ of execution on the money judgment was issued.[1]

Spates's request for removal to Superior Court pursuant to G. L. c. 231, § 104,[2] was docketed in the District Court on February 20, 1998, well within thirty days of the February 11 entry of judgment and notice thereof, but more than thirty days from the date on which Spates's counsel received the judge's findings and rulings.[3]

General Laws c. 231, § 104, as appearing in St. 1975, c. 377, § 104, provides that, following a trial in District Court, a party such as Spates who desires trial in the Superior Court must "file an entry fee of fifty dollars and bond *within thirty days after notice of the decision or finding*" (emphasis supplied). In the instant case, notwithstanding Mass.R.Civ.P. 58, which requires that "upon a decision by the court that a party shall recover only a sum certain . . . the clerk, unless the court otherwise orders, shall forthwith prepare, sign and enter judgment without awaiting any direction by the court," the entry of judgment was not contemporaneous with the District Court judge's findings and rulings. The issue thus presented is whether the statutory language, "thirty days after notice of the decision or finding," refers in this context to thirty days after the notice of findings and rulings, as Gonzalez argued in his unsuccessful

---

[1] The writ of execution was recalled by the District Court on February 27, 1998.

[2] Although it is not applicable to the instant case, we note that a new "one trial" system that replaces the District Court remand and removal procedures under G. L. c. 231, §§ 97-107, has been in effect in Norfolk and Middlesex counties since July 1, 1996, see St. 1996, c. 358, and Berkshire and Essex counties since September 1, 2000, see St. 2000, c. 142, and Barnstable, Bristol, Dukes, Franklin, Hampden, Hampshire and Nantucket counties since April 1, 2002, see St. 2002, c. 70. This one trial system applies only to civil actions commenced on or after the effective dates for the respective counties. (Gonzalez's action was commenced in the District Court for Essex County on August 28, 1996.) As provided in St. 2002, c. 70, § 20, the statutory authorizations for the one trial system in the various counties expire on August 31, 2004. The effectiveness of the one trial system in District Court will be analyzed in an interim report due to the Legislature on or before August 31, 2003, and a final report due on or before October 31, 2004.

[3] We consider notice to Spates's counsel as notice to Spates.

motions to dismiss for untimeliness, or thirty days after notice of entry of judgment.

We begin with the statutory language. Although the words "decision or finding" appearing in the statute more closely resemble the language "findings and rulings of the court" than the word "judgment," this is the beginning and not the end of the inquiry. There is no indication that the Legislature considered the precise issue in dispute, and it is perhaps not surprising that this level of procedural detail is not resolved by the statute.[4] In fact, the phrase "notice of the decision or finding" first appeared in § 104 in 1965, see St. 1965, c. 377, and also was included in G. L. c. 231, § 102C (regarding transfer and retransfer) when that section was created in 1958. See St. 1958, c. 369, § 3. The phrase was therefore in use in this area well before the 1974 implementation of the Massachusetts Rules of Civil Procedure. See 365 Mass. 730 (1974). The concept of establishing deadlines based on a "notice of the decision or finding" is thus a "remnant of pre-rules procedure, where the judgment was the final step in the entire litigation (and appeal) process." Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court § 10.2, at 193 n.10 (2d ed. 1990). See Reporter's Notes to Mass.R.Civ.P. 54, 43B Mass. Gen. Laws Ann., Civil Procedure, at 11 (West 1992) ("Heretofore, 'judgment' has meant the last step in the case, which cuts off all appellate review. . . . Under the Rules, 'judgment' is merely the final adjudicating act of the trial court, and starts the timetable for appellate review"). Recognizing the need to coordinate pre-rule procedures with their post-rule counterparts, Perlin and Connors counsel that the notice required is therefore the notice of judgment, particularly of "the written entry of judgment required by Rule 77(d) of the Dist./Mun.Cts.R.Civ.[P.]

---

[4]Neither the Supreme Judicial Court nor the Appeals Court has previously considered the present issue. The parties nevertheless point to the use of either the words "judgment" or "finding or decision" in various Supreme Judicial Court decisions involving G. L. c. 231, §§ 102C, 104, to support their respective positions. As it is unclear in the cited cases whether there were differences between the dates of judgment and the dates of decision, or whether the issue was even considered, the use of the particular words in these cases is for the most part uninstructive. See, e.g., *Coen Marine Equip., Inc.* v. *Kurker*, 392 Mass. 597 (1984); *Newman* v. *Brennan*, 27 Mass. App. Ct. 1104 (1989).

[which rules were replaced in 1996, see 423 Mass. 1404 (1996), by the corresponding Massachusetts Rules of Civil Procedure] to be served on the parties by the District Court clerk." Perlin & Connors, *supra* § 11.6, at 223 n.24.[5]

The meaning of "notice of the decision or finding," as used in G. L. c. 231, §§ 102C, 104,[6] must be understood in the context of the legislative purposes underlying the District and Superior Court transfer, retransfer and removal system. "The dual purposes of the system are to square the right conferred by art. 15 of the Massachusetts Declaration of Rights to a jury trial in civil cases — such trials are not available in the District Court except in some counties on an experimental basis and except in small claims appeals — with relieving congestion in the Superior Court." *Beaulieu* v. *Bell*, 41 Mass. App. Ct. 145, 147 (1996). This squaring requires a "final disposition" in the District Court prior to transfer. *McGloin* v. *Nilson*, 348 Mass. 716, 718 (1965); *Coen Marine Equipment, Inc.* v. *Kurker*, 392 Mass. 597, 601 (1984). Where, for example, an appeal to the Appellate Division of the District Court has been claimed after District Court trial, the time for filing for removal has been deemed to commence after the decision of the Appellate Division. This assures that the District Court decision being given prima facie effect in the Superior Court is a legally tested one. See G. L. c. 231, § 102C ("The decision, and the amount of the damages assessed, if any, by a District Court shall be prima facie evidence upon such matters . . . and no other findings of such court shall at any time be admissible"); *Orasz* v. *Colonial Tavern, Inc.*, 365 Mass. 131, 135-136 (1974); *Coen* v. *Marine Equipment, Inc.* v. *Kurker*, 392 Mass. at 600-602. Requiring a final disposition ensures a complete review by the District Court and avoids premature consideration by the Superior Court.

---

[5]This interpretation is likewise reflected in District Court Bulletin No. 7-75, wherein the Chief Justice of the District Courts indicated that under G. L. c. 231, § 104, the " 'notice of decision or finding' should be satisfied by the notice of judgment required by Rule 77." The bulletin does not, however, specifically address what should happen when, as occurred here, a notice of a "finding" pre-dated that of the entry of judgment.

[6]We note that the 1967 rewriting of § 102C changed its operative phrase "decision or finding" to "finding or decision," without apparent substantive effect. See St. 1967, c. 767, § 2.

As provided in Mass.R.Civ.P. 54(a), 365 Mass. 820 (1974), the terms "judgment" and "final judgment" mean "the act of the trial court finally adjudicating the rights of the parties affected by the judgment." Prior to the entry of the judgment as provided in Mass.R.Civ.P. 58, the action of the court is not final and "any appellate procedure is premature." Reporter's Notes to Mass.R.Civ.P. 58, 43B Mass. Gen. Laws Ann., Civil Procedure, at 98 (West 1992). The rule 58 requirement that judgment must be entered before an appeal can be taken "promotes the efficient administration of the court system." Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court § 10.1, at 102 (Supp. 2001). The same objective supports reading "notice of the decision or finding" to be notice of entry of judgment in the context of G. L. c. 231, § 104.

Clarity and consistency are also promoted by keying the time period for removal to notice of entry of judgment. The "judgment" date is "important because it begins the allowable period for making most of the post-verdict motions included in the Rules." Reporter's Notes to Mass.R.Civ.P. 58, 43B Mass. Gen. Laws Ann., Civil Procedure, at 97 (West 1992). Under Dist./ Mun.Cts.R.A.D.A. 4 (1994), governing the timing of appeals to the Appellate Division, an appeal must be taken within ten days of the "entry of the judgment." As the removal process is in many ways interconnected with the appeals process, allowing removal prior to judgment would generate unnecessary inconsistency. The time period for filing motions for new trial in District Court is also keyed to the date of judgment, as is the period for filing motions to alter or amend the judgment. See Mass.R.Civ.P. 59(b), (e), 365 Mass. 827 (1974). To have removals to Superior Court running on a different time line than the rest of the "postdecision" review processes creates the risk of confusion and serves no apparent purpose.

The possibility of confusion is particularly pronounced when, as here, the judgment is significantly delayed. For example, if we adopt Gonzalez's interpretation, where the notice of decision is immediately issued and the judgment is delayed more than thirty days, the time for removal would have expired even before the time for seeking Appellate Division review under rule 4 had commenced. See Dist./Mun.Cts.R.A.D.A. 4 (1994).

We conclude that the words "thirty days after notice of the decision or finding" in G. L. c. 231, § 104, refer to thirty days after notice of entry of judgment, unless review by the Appellate Division has been sought.[7] This result avoids adding further complexity to a remand and removal system that is already "elaborate." *Beaulieu* v. *Bell*, 41 Mass. App. Ct at 147.

*Superior Court trial.* Gonzalez testified at his November, 1998, trial in Superior Court that he was struck by Spates, who was driving his 1986 Ford pick-up truck, at approximately 7 P.M. on January 26, 1996, when he stepped off a curb to cross Broadway Street in Methuen. He was taken to a nearby hospital where he received stitches to his hand and head. In his suit against Spates, he sought damages for pain and suffering, lost wages, and medical bills. Four witnesses testified at the trial. They included Gonzalez and Spates, as well as an eyewitness to the accident, who testified for Gonzalez, and a police officer who responded to the scene, who testified for the defense.

*Evidentiary rulings.* Gonzalez moved in limine to introduce evidence of the defendant's eighteen year old drug distribution conviction, not on the usual statutory basis, i.e., G. L. c. 233, § 21, but to demonstrate that Spates had been untruthful when, in his initial response to an interrogatory, he denied ever having been convicted of a felony. (Spates later disclosed the conviction in a supplemental answer to the interrogatory.) The judge

---

[7]When an appeal to the District Court Appellate Division has been taken, removal to Superior Court must be requested "within ten days of notice of the decision of the Appellate Division in remand cases and within [thirty] days in cases commenced in District Court." Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court § 11.21, at 234 n.87 (2d ed. 1990). See *Coen Marine Equip., Inc.* v. *Kurker*, 392 Mass. at 602 (the period for removal under G. L. c. 231, §§ 102C and 104, "begins to run only after the judge's decision or finding has been given full force and effect by Appellate Division review, if requested"). Pursuant to Dist./Mun.Cts.R.A.D.A. 28 (1994), "[t]he Appellate Division shall promptly mail to the clerk of the trial court its decision and order, and its opinion, if any. Upon receipt of the decision and order from the Appellate Division, the clerk shall prepare, sign and enter judgment in accordance with said order. . . . Following entry of judgment, the clerk shall forthwith send to the parties notice of entry of judgment in accordance with Dist./Mun.Cts.R.Civ.P. 77(d) together with a copy of the Appellate Division decision and order . . . ." We therefore conclude that the timing of removal or remand to Superior Court after Appellate Division review is likewise triggered by the notice pursuant to rule 77(d).

rejected Gonzalez's argument and disallowed the use of the conviction, because (1) the evidence would be more prejudicial than probative, (2) it did not fall within G. L. c. 233, § 21, and (3) interrogatory answers are not conclusive or binding on the parties. Gonzalez contends that the use he sought to make of Spates's prior conviction was not that typically anticipated under G. L. c. 233, § 21, but that, instead, he intended to demonstrate a recent instance of dishonesty by the defendant. A trial judge generally has wide discretion to admit or disallow evidence, and the judge here was well within her discretion in concluding that the prior conviction was not admissible for the reasons she provided. See *Commonwealth* v. *Roderick*, 429 Mass. 271, 274 (1999); *Benjamin* v. *Felton & Son, Inc.*, 9 Mass. App. Ct. 926, 926 (1980).

Gonzalez alleges another reversible error in the allowance of certain testimony from a Methuen police officer, who responded to the scene but did not witness the accident, and was not qualified by the court as an expert in accident reconstruction. Gonzalez's counsel objected numerous times during the officer's trial testimony, generally when the officer was asked questions as to the position of Gonzalez vis-à-vis the crosswalk at the time he was struck, whether the light was red or green, and the speed in miles per hour at which Spates's pick-up truck was traveling. These objections were sustained by the judge. Nonetheless, Gonzalez argues on appeal that the trial was tainted when the officer gave his opinion, without objection, regarding the truck's relative speed on impact, and the extent of Gonzalez's injuries and how they related to speed on impact. These were at least in part based on his observations at the scene.

We think Gonzalez's arguments are without merit. The judge was, for the most part, highly effective in limiting the officer's testimony and in preserving questions of fact for the jury. The arguably questionable testimony that was admitted was quite limited, resulted from questions not specifically objected to, and was not the subject of a motion to strike.

Gonzalez next alleges fault with the judge's disallowance of testimony from a percipient witness as to the speed at which Spates's truck was traveling when it hit Gonzalez. The witness testified that he had observed Spates's pick-up truck for ap-

proximately three seconds before Gonzalez was hit. The judge ruled that three seconds of observation was an insufficient foundation on which to make an estimate of the speed of a vehicle. It has been held to be within a trial judge's discretion to find "[a] few seconds" to be an inadequate time for a witness to make a reliable and trustworthy estimate of speed. See *Davidson* v. *Beacon Hill Taxi Serv., Inc.*, 278 Mass. 540, 542 (1932). Especially in light of her subsequent allowance of testimony by the same witness that the defendant's truck was moving "very fast," the judge was entirely within her discretion to exclude the testimony on the vehicle's speed expressed in miles per hour on the basis of the witness's time to observe Spates driving.

*Jury instructions.* "As a general proposition, whether to tell jurors about the consequences of assignment of percentages of comparative negligence is within the discretion of the trial judge." *Mastaby* v. *Central Hosp., Inc.*, 34 Mass. App. Ct. 942, 943 (1993). There were no exceptional circumstances present here to require the instruction, see *Dilaveris* v. *W.T. Rich Co.*, 424 Mass. 9, 15 (1996), and the judge's decision not to give the requested instruction was within her discretion. The judge's refusal to give Gonzalez's remaining proposed instructions regarding liability was similarly within her discretion, see *Petras* v. *Storm*, 18 Mass. App. Ct. 330, 334 (1984), and the instructions given were "full, fair, correct and clear instructions as to the principles of law governing all the essential issues presented." *Monize* v. *Frisoli*, 6 Mass. App. Ct. 50, 52 (1978), quoting from *Buckley* v. *Frankel*, 262 Mass. 13, 15 (1928). Finally, any error in the damages instructions regarding medical expenses is of no consequence in light of the jury's liability determination.

*Judgment affirmed.*