In this action, the plaintiff, Dr. Ferahnaz Kahyaoglu, maintained that as a result of the defendant's, Rawhl A. Adams, Jr.'s, lack of reasonable care in exiting his vehicle, she sustained serious personal injuries. The defendant disputed the facts surrounding the collision as well as the nature and extent of the plaintiff's injuries. Following a trial in August, 2016, a jury credited the defendant's version of events. Proceeding pro se, the plaintiff appeals from the judgment on the jury verdict in favor of the defendant and the order denying her motion for new trial.[2] We affirm.
The plaintiff's first claims of error concern the trial judge's alleged mishandling of his gatekeeper function with respect to the defendant's expert witness, Dr. Paul Weitzel.[3] She argues that the judge erred by failing, sua sponte, to make inquiry into Dr. Weitzel's potential conflicts of interest and bias; and in failing to engage in a Daubert-Lanigan analysis of his proposed testimony. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) ; Commonwealth v. Lanigan, 419 Mass. 15 (1994).
We disagree with those contentions. Absent a request from a party, a trial judge has no independent duty to investigate the possible conflicts of a witness. The plaintiff neither asked the judge to exclude or limit Dr. Weitzel's expert testimony, nor requested a Daubert-Lanigan-type hearing, thereby waiving those issues. See Commonwealth v. Fritz, 472 Mass. 341, 349 (2015).
In any event, even if errors occurred with respect to the defendant's expert witness, it would not assist the plaintiff. The jury ultimately resolved the case by finding that the defendant was not negligent. This may, understandably, confuse the pro se plaintiff, because, of course, the name commonly given the tort is "negligence." But what the jury found was that the defendant was not negligent in the narrower sense in opening his car door as he did -- that is, they found that he had not breached any duty by failing to take due care when required to do so.
Since that means that, as a matter of law, the defendant is not liable, even if the accident in fact caused all the damage the defendant's expert testified that it did not, any error or abuse of discretion in the admission of Dr. Weitzel's testimony was inconsequential, and can provide no basis for overturning the judgment on appeal. See G. L. c. 231, § 119 ; Gonzalez v. Spates, 54 Mass. App. Ct. 438, 446 (2002).
We also find no merit to the plaintiff's unfair trial arguments. First, we discern no abuse of discretion in the judge's conclusion of the second day's proceedings, consistent with the court's regular schedule, at around 1:00 P.M. [4] Second, to the extent the plaintiff challenges one of the jury instructions on assessing witness credibility, the plaintiff's trial counsel did not preserve any objection to the charge.[5] See Lee v. Mt. Ivy Press, L.P., 63 Mass. App. Ct. 538, 560 (2005). In any event, were we to reach the merits, we would conclude that the judge provided fair and balanced instructions on the topic. The judge not only instructed the jury to avoid giving special attention to any one instruction and to consider all of his instructions as a whole, but also directed them "to be completely fair and impartial," not to be influenced by personal dislikes, and to decide the case solely on their evaluation of the evidence. On two occasions, moreover, he expressly prohibited them from assessing witness credibility based on their individual prejudices or biases. As an appellate court, we presume that the jury followed the judge's instructions. See Reckis v. Johnson & Johnson, 471 Mass. 272, 304 n.49 (2015).
Next, to the extent the plaintiff's argument is properly before us that there was error in the motion judge's order denying her motion, filed almost six weeks after she filed her complaint, requesting an eight-week extension of time in which to find an attorney, we see no error. The judge denied the motion only because it had not been filed according to the procedures set out in Superior Court Rule 9A ; the judge's ruling specifically stated that it was without prejudice, that is, that the plaintiff could refile the motion if she filed it in compliance with that rule. The plaintiff does not articulate any reason that ruling was incorrect.
Finally, because the plaintiff had no right to the effective assistance of counsel in this garden-variety negligence case, she may not challenge the outcome of the proceedings on the basis of counsel's ineffectiveness. See Commonwealth v. Patton, 458 Mass. 119, 124-128 (2010).[6]
Judgment on jury verdict affirmed.
Order denying motion for new trial affirmed.

The plaintiff did not appeal from the separate judgment that entered in favor of Encompass Insurance Company, which was also named as a defendant in the underlying action, based on the allowance of its motion to dismiss. Additionally, although listed in her notice of appeal, the plaintiff did not address the order denying her motion for a new trial in her brief. We deem her appeal of that order waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); Abate v. Fremont Inv. & Loan, 470 Mass. 821, 833 (2015). Were we to reach the merits of that order, we would conclude, as did the trial judge, that the verdict was not against the weight of the evidence.

In a videotaped deposition played for the jury, Dr. Weitzel, a board-certified specialist in orthopedics with a subspecialty certification in sports medicine, testified that the plaintiff's most serious injuries were not causally related to the accident.

Following empanelment, the judge instructed the jury that he would adhere to a half-day trial schedule (commonly applicable in Superior Court sessions). The defendant rested his case after Dr. Weitzel's videotaped deposition ended shortly before 1:00 p.m. So far as appears, the plaintiff's trial counsel did not object to this alleged unfair highlighting of Dr. Weitzel's testimony.

The plaintiff, who speaks English with a "strong accent," maintains that the judge improperly misdirected the jury by telling them to focus on presentation rather than "content and context."

Regarding the plaintiff's complaint that her counsel referred to the defendant's counsel as "brother," the words brother and sister are commonly used by members of the bar throughout Massachusetts to convey the absence of personal animosity among the attorneys. In this case, both attorneys used the term "brother."