Swan, J.
Following the entry of a summary process judgment for possession in favor of the plaintiff-landlord, the defendant filed this appeal on allegations of error that included the failure of the trial court to swear any witnesses.
On July 17, 2006, plaintiff Constantino Roque, as lessor,[1] and defendant Ferahnaz Kahyaoglu, as lessee, executed a lease of an apartment in Somerville for a one-year term commencing on August 1,2006. The lease permitted the defendant to have two roommates. Toward the end of the lease term, the parties negotiated, unsuccessfully, for a renewal of the lease. Their disagreement resulted from the defendant’s refusal to comply with the plaintiffs request that her roommates be named as tenants in the proposed new lease. The plaintiff served the defendant with a notice to quit at the end of the lease term, and then commenced this summary process action to obtain possession of the apartment. The complaint specified a trial date of August 30, 2007. The defendant filed what she captioned a “Response” to the plaintiff’s complaint That document failed to deny the allegations in the summary process complaint, and claimed only (1) that a conflict of interest existed because plaintiff’s trial counsel had represented her in the past, and (2) that the terms offered by the plaintiff for renewal of the lease (i.e., naming the defendants roommates) were unacceptable.[2]
Plaintiff’s trial counsel[3] and the pro se defendant appeared before a district court judge on the scheduled trial date. The defendant presented her allegation of a conflict of interest, and plaintiff’s counsel denied ever having had an attorney-client relationship with her. The judge continued the matter, ordering both plaintiff’s trial counsel and the defendant to file affidavits addressing the alleged prior representation. On the continuance date, a different judge reviewed the affidavits and heard further oral argument from plaintiff’s counsel and the defendant on both the conflict *130 issue and the merits of the case. With respect to the merits, argument focused on the failed negotiations for a new lease. Plaintiffs counsel asserted, correctly, that the original lease had expired and that the lessor was entitled to possession of the apartment. The judge found that no conflict of interest existed, and took the whole matter under advisement. He subsequently found for the plaintiff and ordered judgment to enter for possession of the apartment.
What is lost in all of this is that no trial occurred. To be sure, there were extensive discussions regarding the various contentions of the parties, but no witnesses were sworn and no evidence was introduced. The plaintiff-landlord never appeared.[4] No one was subject to cross-examination. Unquestionably, the defendant's answer did not deny that the plaintiff was entitled to possession, and raised two spurious defenses. The first meritless defense, unsuccessful lease negotiations, was irrelevant to the plaintiff’s claim for possession at the expiration of the lease term. The defendant did not even argue, much less prove, that the parties ever reached an enforceable “meeting of the minds,” Situation Management Systems Inc. v. Malouf, Inc., 430 Mass.875, 878 (2000), for a renewal of the lease. The defendants second allegation of a conflict of interest with plaintiff’s trial counsel was, at best, more properly the subject of a motion to disqualify counsel than a defense to the plaintiff’s summary process claim. Mass. R. Prof. C., Rule 1.9(a). See Borman v. Borman, 378 Mass. 775, 788 (1979). The defendant is left with but a very slim case to litigate. But even without a proper answer with meaningful affirmative defenses, the defendant did appear for trial and was, thus, not subject to default. See Rule 10(a) of the Uniform Summary Process Rules. The trial court proceeding amounted to a pretrial conference followed by the entry of judgment, and no more.
Judges who regularly preside in busy sessions of the District Court Department are well aware that summary process proceedings are handled pragmatically and expeditiously. See New Bedford Hous. Auth. v. Olan, 435 Mass. 364, 376 (2001); Hodge v. Klug, 33 Mass. App. Ct. 746, 757 (1992). Defaults abound, as do agreements for judgment. Even when tenants appear, whether or not having filed an answer, they frequently do not contest the merits of the eviction, the rent moneys owed, or the entry of judgment. Their almost universal concern is to obtain a stay of execution of judgment for enough time to permit them to find a new home. But when, as here, a tenant files an answer, appears for trial, and opposes the eviction, a trial must be held. ‘Tenants are entitled to their day in court before they can be evicted. This implies a trial with the right to offer evidence and to cross-examine.” Priluck v. Rodrigues, 2000 Mass. App. Div. 215, 216. Although the trial may be a very brief one, competent and relevant evidence must be received in compliance, with some exceptions, with the Massachusetts Rules of Civil Procedure. See Rule 1 of the Uniform Summary Process Rules.
We recognize that summary process hearings, especially when one or both parties are self-represented, lend themselves to a fair degree of informality. In this case, a conference was held in which the parties, or counsel, participated; all issues and *131 relevant facts were discussed; all pertinent documents, however few, were produced; and little, if anything, remained genuinely in dispute. Under such summary process circumstances, it might be surprisingly easy for the parties, any lawyers involved, and even the most experienced judges, to perceive that an actual trial, or at least an evidentiary hearing, was held when, in fact, one was not. Given the state of the record and the apparent absence of any genuine issues in this case, a full trial may last no longer than the conference that was held, and may well produce the same outcome. But due process requires that the trial be held.
In light of this holding, it is unnecessary to reach any other issues raised on appeal. Judgment for the plaintiff is vacated, and this case is returned to the Somerville Division of the District Court Department for trial.
So ordered.

 Eduarda Roque is also named as a lessor on the lease, but is not a party to this action.

 The defendant’s pleading did not comply with Rule 3 of the Uniform Summary Process Rules, which requires the response pleading to be captioned as a “Summary Process Answer,” and to include a denial of “every statement in the complaint which is in dispute."

 Plaintiff’s appellate counsel was not trial counsel.

 The record is silent as to whether he was even present in the courtroom. Appellate counsel represented at oral argument that the plaintiff was physically present, but he was not sworn as a witness.